1

2

3

4

5

6

7

8         # UNITED STATES DISTRICT COURT

9         ## SOUTHERN DISTRICT OF CALIFORNIA

10

11    SUN LIFE ASSURANCE COMPANY OF                    CASE NO. 09 CV 2133 JM (CAB)
       CANADA,
12                                                      **ORDER GRANTING MOTION TO**
                                    Petitioner,         **COMPEL ARBITRATION AND**
13         vs.                                          **STAY LITIGATION**

14                                                      Doc. No. 9

15    LIBERTY MUTUAL INSURANCE
       COMPANY as successor in interest to
16    GOLDEN EAGLE INSURANCE
       CORPORATION, as claims administrator for
17    Golden Eagle Insurance Company and SAN
       DIEGO INSURANCE COMPANY,
18
                                    Respondents.
19

20         In this action, Petitioner Sun Life Assurance Company of Canada ("Sun Life") seeks the

21    confirmation of an arbitration award. (Doc. No. 1). Respondents Liberty Mutual Insurance Company

22    ("Liberty Mutual"), Golden Eagle Insurance Corporation ("Golden Eagle"), and San Diego Insurance

23    Company ("SDIC") contend that, in seeking confirmation of the award, Sun Life also seeks

24    substantive rulings regarding the rights and liabilities of the parties that the arbitration panel did not

25    address.  Arguing that these substantive rulings are subject to the parties' arbitration agreements,

26    Respondents have filed a motion to compel arbitration and stay litigation.  (Doc. No. 9).  For the

27    following reasons, the court GRANTS Respondents' motion to compel arbitration and stay the case.

28

1    I.    **BACKGROUND**

2         Sun Life and Golden Eagle's predecessor entered two reinsurance contracts in 1995.  (Doc.

3    No. 1, Petition for Confirmation of Arbitration Panel's Award, hereinafter "Pet.," ¶ 16).  Golden

4    Eagle's predecessor later assigned the contracts to SDIC.  (Pet. ¶ 16).  Golden Eagle became the

5    claims administrator for the contracts.  (Pet. ¶ 16).  Liberty Mutual is the parent company of both

6    SDIC and Golden Eagle.  (Doc. No. 9, Motion to Compel Arbitration and Stay Litigation, hereinafter

7    "Mot.," at 3).

8         The parties disputed their obligations under the reinsurance contracts.  Both contracts

9    contained identical arbitration clauses that provide, "[a]s a condition precedent to any right of action

10   hereunder, in the event of any dispute or difference of opinion hereinafter arising with respect to this

11   Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to

12   arbitration."  (Pet. Ex. B, Ex. C).  Therefore, the parties submitted to arbitration in 2001.  (Pet. ¶ 2).

13        The arbitrators issued their ruling in 2004, but left the parties to follow the commutation

14   process established by the contracts to fully wind up the relationship.  (Pet. ¶ 5).  The parties, however,

15   could not agree on a commutation amount.  (Pet. ¶ 8).  Therefore, per the commutation process, the

16   parties participated in a second arbitration before a panel of three actuaries to determine the

17   commutation amount.  (Pet. ¶ 8).  The actuarial arbitration panel issued its ruling on March 16, 2009.

18   (Pet. ¶ 8).

19        Sun Life seeks to affirm the actuarial arbitration ruling.  (Pet. ¶ 9). Respondents contend that

20   the affirmation of the second arbitration award—which, in Sun Life's terms, would "resolve all issues

21   between the parties and terminate their relationship" (Pet. ¶ 9)— would require substantive rulings

22   that must be arbitrated pursuant to the two reinsurance contracts.  (Mot. at 2).  In particular, just prior

23   to the filing of this action, Respondents sought to arbitrate whether Sun Life owed any interest on the

24   award ordered by the actuarial arbitration panel.  (Mot. at 5).  With this active dispute regarding

25   interest, Respondents argue, any court action that would "resolve all issues" would conflict with the

26   parties' arbitration agreements.  Therefore, Respondents have filed a motion to compel arbitration and

27   stay the litigation.

28

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that courts shall direct "parties to proceed to arbitration in accordance with the terms of [an arbitration] agreement." 9 U.S.C. § 4. "The FAA embodies a clear federal policy in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). Therefore, arbitration agreements should be rigorously enforced. *Id.* Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

## III.   DISCUSSION

The arbitration agreements between the parties is undoubtedly broad. It covers any dispute "arising with respect" to the reinsurance contracts. The Ninth Circuit interpreted similar language broadly in *Simula, Inc. v. Autoliv, Inc.* 174 F.3d at 720 ("[a]ll disputes arising in connection with this Agreement"). The court sees no difference between "arising with respect to" and "arising in connection with." Therefore, the court will apply this broad language to the dispute between the parties.

The parties disagree about whether Sun Life owes interest on the commutation award. Sun Life seeks to avoid this dispute by confirming the arbitration award and "terminating the relationship between the parties." (Pet. ¶ 9). In these circumstances, however, it is not proper for the court to terminate the relationship of the parties. The relationship of the parties is defined by the reinsurance contracts that contain the arbitration agreements. The court cannot terminate the relationship without interpreting those contracts. Because the court would have to interpret the contracts to decide whether Sun Life owes interest on the commutation amount and whether the relationship should be terminated, this dispute arises with respect to the reinsurance contracts. Therefore, it must be determined by arbitration.

Sun Life argues that the reinsurance contracts were affirmatively terminated when Sun Life paid the commutation amount, therefore there are no operative contracts containing arbitration clauses that compel arbitration. The Ninth Circuit, however, has made clear that even whether a contract has terminated, and whether its arbitration clause therefore still applies, is a question for the arbitrator. *See Bhd. of Teamsters and Auto Truck Divers Local # 70 v. Interstate Distrib. Co.*, 832 F.2d 507, 510

1   (9th Cir. 1987).  This conclusion flows naturally from the fact that to determine whether a contract

2   has terminated, one must interpret the contract.  *Id.*  In contracts, such as those at issue here, that

3   contain broad arbitration clauses, the arbitrator must do this contract interpretation.  *Id.*

4       To grant the relief Sun Life seeks, the court would have to do more than merely review the

5   regularity of the arbitration proceedings.  *Cf.* 9 U.S.C. §§ 10-11 (determining the limited review of

6   arbitration awards).  Rather, the court would necessarily review the contracts and determine

7   substantive rights and liabilities of the parties.  As the parties have agreed that this review should be

8   done in arbitration, Sun Life is not currently entitled to confirmation of the arbitrator's ruling.

9   **IV.   CONCLUSION**

10      For the foregoing reasons, the court hereby GRANTS Respondents' motion to compel

11  arbitration.  The action is hereby STAYED pending arbitration of the matters at issue.

12          **IT IS SO ORDERED.**

13  DATED:  December 9, 2009

14  _____

15                      Hon. Jeffrey T. Miller
                        United States District Judge